GEORGE CLAYTON BLUE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blue
Docket No. 12118-91
United States Tax Court
T.C. Memo 1992-477; 1992 Tax Ct. Memo LEXIS 499; 64 T.C.M. (CCH) 555; August 20, 1992, Filed *499 An appropriate order and decision will be entered for respondent. For George Clayton Blue, pro se. For Respondent: Mary Ann Waters. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion for the purpose of hearing and ruling on respondent's motion for summary judgment pursuant to section 7443A(b)(4) [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment filed under Rule 121. Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1982
$ 49,450
$ 24,725.00
[1]
$ 12,362.50
1983
70,375
35,187.50
[1]
17,594.00
1984
90,227
45,113.50
[1]
22,557.00
*500 The issues for decision are whether petitioner is liable for (1) the deficiencies in tax and (2) the additions to tax under section 6653(b)(1) and (2). In the motion for summary judgment, respondent conceded the additions to tax under section 6661. When petitioner timely filed his petition, he resided in Russell, Iowa. Respondent filed an answer and affirmatively alleged facts and circumstances supporting the additions to tax for fraud under section 6653(b). Petitioner did not reply to the affirmative allegations. Respondent timely filed a motion under Rule 37(c) that the undenied allegations of fact with respect to the fraud addition be deemed admitted. Petitioner did not respond to the motion, and respondent's motion was granted. Thereafter, respondent filed the motion for summary judgment which, by order, was calendared for hearing at the Court's trial session at Des Moines, Iowa. Petitioner filed no notice of objection; however, he appeared at the hearing, unprepared to present a case and unaware of the purpose of the hearing. He advised the Court that he appeared simply because he received notice that *501 the hearing would be held, and that he was present for the hearing. While he denied owing any taxes, as well as the additions to tax, he did not present any evidence. The Court concluded the hearing and issued an order allowing petitioner 45 days in which to file a motion to vacate and set aside this Court's order under section 37(c), which deemed admitted respondent's affirmative allegations in the answer with respect to fraud. The Court further ordered that respondent's motion for summary judgment be held in abeyance and that, upon failure of petitioner to file a motion to vacate, the Court would thereupon consider respondent's motion. Petitioner failed to file a motion with the Court or to otherwise respond to the motion for summary judgment. The Court, accordingly, considers the merits of respondent's motion. The first issue is whether petitioner is liable for the deficiencies in income taxes determined by respondent. Respondent's determinations in a notice of deficiency are presumed correct, and the burden is on the taxpayer to prove that the determinations are incorrect. Rule 142(a); . Rule 121 provides *502 that any party may move for summary judgment upon all or part of the legal issues in controversy. A motion for summary judgment will be granted where there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Rule 121(b); ; . A motion for summary judgment, however, may not be defeated by a mere allegation that a material fact is in dispute; the opposing party must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d); see . The burden of proving that there is no genuine issue of material fact is on the moving party. ; . In a motion for summary judgment, the presumptive correctness of respondent's determinations will permit judgment in respondent's favor, without trial, unless the nonmoving party introduces evidence, in *503 his pleadings or otherwise, showing that there is a genuine issue of material fact. . See , affg. per curiam , which sustains this standard. Since petitioner introduced no evidence at the hearing on the motion for summary judgment and failed to file any motion or other pleading with the Court within the time period allowed, no genuine issue of material fact has been established with respect to this issue. The presumptive correctness of respondent's determinations with respect to the deficiencies in income taxes as set out in the notice of deficiency is sufficient to sustain respondent on this issue. The deficiencies in income taxes, therefore, are sustained. With respect to additions to tax under section 6653(b), respondent has the burden of proving by clear and convincing evidence (1) that there is an underpayment of tax each year and (2) that a part of the underpayment of tax each year is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); ; *504 . Respondent's burden of proof can be met by facts deemed admitted under Rule 37(c) or Rule 90(c). , affg. ; ; ; . Respondent's burden is met if it is shown that the taxpayer intended to evade taxes known to be due and owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes, and that there is an underpayment of tax. ; ; . Respondent here relies on facts deemed admitted under Rule 37(c) to establish fraud. Those facts are briefly summarized. Petitioner filed no Federal income tax returns for the years 1974 through 1985 (which period includes *505 the three years at issue in this case). Prior to 1974, petitioner had filed Federal income tax returns. During 1982, 1983, and 1984, petitioner was engaged in farming, selling grain, selling fast food franchises, and operating a fast food restaurant. He realized substantial income from these sources. The fast food restaurant business was operated out of a corporation, Iowa Maid-Rite Products, Inc. (Maid-Rite). Petitioner purchased the stock in this corporation, on contract, during 1982. During the years at issue, Maid-Rite paid substantial amounts out of the corporation's operations on the corporate stock. Corporate earnings were also used to pay installments on a farm petitioner purchased during 1983. The stock in Maid-Rite was titled in the name of a trust in which petitioner's children were beneficiaries. The checks from the sales of grain, which respondent determined to be petitioner's income, were made payable to his wife. These income diversions were made to conceal from respondent the true extent of petitioner's financial and business transactions. Petitioner failed to maintain complete and accurate records of his income-producing activities and failed to produce *506 complete records to respondent's agent in determining petitioner's taxable income for the years in question. As a result, respondent was required to determine petitioner's income and expenses from indirect sources, including bank deposits. Respondent determined that petitioner received no nontaxable income, receipts, cash, or other assets, including no gifts, inheritances, legacies, or devises during the years in question. Petitioner's taxable income, as set out in the notice of deficiency, was determined by respondent as follows: 1982
1983
1984
Gross income
Farm rent
--   $ 7,800
--   Grain sales
--   --   $ 9,105
Pasture rent
$ 50,100
87,209
--   Maid-Rite:
Payments on stock
--   --   62,644
Payments on Glandt Farm
--   --   49,000
Bank deposits
74,059
112,515
135,477
Gross income
$ 124,159
$ 207,524
$ 256,226
Business expenses
--   1,000
19,922
Net income
$ 124,159
$ 206,524
$ 236,304
Add: Zero bracket amount
1,700
1,700
1,700
Adjusted gross income
$ 125,859
$ 208,224
$ 238,004
Less: Itemized deductions
18,880
52,468
37,950
Personal exemption
1,000
1,000
1,000
Taxable income
$ 105,979
$ 154,756
$ 199,054
*507 On this record, the Court holds that respondent has sustained the burden of establishing by clear and convincing evidence that the underpayments of tax by petitioner for each of the years in question, and petitioner's conduct related thereto, were intended to evade taxes known to be due and owing by him and to conceal, mislead, or otherwise prevent the collection of taxes. Petitioner knew he had a legal obligation to file Federal income tax returns. He failed to file Federal income tax returns for the years in question. He did not maintain complete records of his business transactions which required respondent to determine his taxable income from indirect sources. A significant portion of petitioner's income-producing properties was titled in the names of other persons in order that the income therefrom would not appear to be petitioner's. Income diversions were made in order to conceal petitioner's liability for tax. None of these facts were challenged. Therefore, no genuine issue of material fact has been raised with respect to the additions to tax for fraud under section 6653(b). Respondent is sustained on this issue. Respondent's motion for summary judgment will be granted. *508 An appropriate order and decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the entire deficiency.↩